IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE R. MASTERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-19-124-SPS |
| ) | |
| COMMISSIONER of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The claimant Jesse R. Masters requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of hisr past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was sixty-one years old at the time of the administrative hearing (Tr. 29). He completed high school and has worked as a correction officer and protective officer (Tr. 57, 220). The claimant alleges he has been unable to work since December 30, 2015, due to neuropathy, back pain, and the need for hearing aids (Tr. 219). The claimant's date last insured was December 31, 2015 (Tr. 17).

## Procedural History

On July 19 ,2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Michael Mannes held an administrative hearing and determined the claimant was not disabled in a written decision dated October 26, 2018 (Tr. 15-20). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant had the medically determinable impairments of peripheral neuropathy, essential hypertension, obesity, and hearing loss. However, the ALJ also found that the claimant's impairments were not severe because none of the impairments or combination of impairments significantly limited the claimant's ability to perform basic work-related

activities for twelve consecutive months (Tr. 18). The ALJ therefore found the claimant was not disabled (Tr. 20).

## Review

The claimant challenges the ALJ's step two findings and contends that the ALJ failed discuss evidence that contradicted his findings. The Court agrees with this contention.

The relevant medical evidence reveals that the claimant received some treatment from a primary care provider and some through the VA. Over the years, the record reflects complaints of numbness in his feet, dating at least as far back as 2006 (Tr. 367). An X-ray on December 18, 2012 of the cervical spine and left shoulder revealed spondylosis and mild foraminal narrowing on the right at C4-C5 (Tr. 547). These complaints continued and the claimant added complaints of numbness in his fingertips through 2016 and 2017 (Tr. 408). On December 17, 2015, the claimant reported tingling and numbness of the toes and fingertips such that he could not feel the brakes of his vehicle, and he was apparently referred for a neurology evaluation (Tr. 586). However, the neurology evaluation was still pending on September 20, 2016 (Tr. 410). A March 8, 2017 VA treatment note indicates the claimant reported a long history of numbness in his feet (Tr. 513). He was assessed with peripheral neuropathy, but his tandem gait was appropriate, and he had normal sensations proximally (Tr. 514-515).

In February 2016, the claimant was assessed with tinnitus (Tr. 579). He had reported complaints of buzzing in his ear back in December 2015 as well (Tr. 586). The

VA assessed the claimant with a combined 20% disability rating related to his hearing (Tr. 46).

On October 20, 2017, Dr. Larry Lewis examined the claimant and opined that he would be absent four or more days per month from work due to his peripheral neuropathy and the claimant's report that he had been told he would need a wheelchair (Tr. 566, 573). At his first and only visit with the claimant, Dr. Lewis assessed the claimant with peripheral neuropathy with a poor prognosis (Tr. 570). As to the claimant's pain, Dr. Lewis indicated, *inter alia*, that its presence would be irretractably and virtually incapacitating and that the claimant would be totally restricted and thus unable to function at a productive level of work (Tr. 567). He further indicated that although the claimant could handle simple instructions and make simple work-related decisions, he could not maintain concentration and attention for extended periods in a routine work setting and could not handle normal work stress (Tr. 568). He checked boxes indicating that the claimant, *inter alia*, could not stand/walk up to two hours in an eight-hour workday, sit for six hours in an eight-hour workday, or use his hands for fine manipulation (Tr. 569). Dr. Lewis opined that the claimant's impairments had existed for fifteen years at this level (Tr. 570, 574). The Court notes that the Plaintiff was still working approximately half of that time, up to December 2010 (Tr. 230).

State reviewing physicians determined that the claimant did not have a severe impairment (Tr. 75, 83).

In his written opinion, the ALJ noted the claimant's medically-determinable impairments, then found that he did not have an impairment or combination of impairments

that significantly limited his ability to perform basic work-related activities for twelve consecutive months, and that he therefore did not have a severe impairment (Tr. 20). Although it was a step two opinion, the ALJ summarized the evidence in the record, including Dr. Lewis's opinion.  However, he did not address the 2012 x-ray results or the continued reports of peripheral neuropathy that resulted in a neurology referral in December 2015.  He then gave Dr. Lewis's opinion diminished weight, finding it did not reflect the claimant's condition prior to the date last insured, and gave great weight to the opinions of the state reviewing physicians (Tr. 19).

A claimant has the burden of proof at step two of the sequential analysis to show that he has an impairment severe enough to interfere with the ability to work.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  Although a claimant "must show more than the mere presence of a condition or ailment[,]"  *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997),  the claimant's step-two burden only requires a "de minimis" showing of impairment.  *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751.  A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work.  *Hinkle*, 132 F.3d at 1352.

In this regard, the claimant had a documented finding of spondylosis of his cervical spine as far back as 2012, and the record reflects the claimant repeatedly reported peripheral neuropathy that affected his ability to drive in December 2015 (the month of the alleged onset date *and* the date last insured). Additionally, the claimant's tinnitus is sufficiently established to warrant a 20% disability rating by the VA. Because the record reflects the claimant had these documented impairments and that they limited what the claimant could do, the Court is satisfied that this evidence meets the claimant's *de minimus* burden of showing a severe impairment at step two. The standards for evaluation at step two and step four are significantly different and should not be conflated. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("The evidence . . . showed that she . . . had a consultation with a rheumatologist, Dr. Booth, for purposes of evaluating arthritis. He found that she had some osteoarthritis of the knees. He noted pain in her other joints but could not definitively assign an etiology to the pain at that time. Thus, under a *de minimus* standard, the ALJ's finding that arthritis was not a medically determinable impairment appears to be unsupported by substantial evidence.") [citations omitted].

Because the claimant met his burden of showing multiple severe impairments at step two, the decision of the Commissioner should be reversed and the case remanded for further analysis. Upon remand, the ALJ should properly evaluate the claimant's impairments, singly and in combination.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.

The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 1st day of September, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**