# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE R. MASTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-124-SPS |
| | ) |
| COMMISSIONER of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING ATTORNEY'S FEES AND COSTS TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Jesse R. Masters was the prevailing party in this action under the Social Security Act. Plaintiff seeks an award of attorney's fees in the amount of $4,239.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *See* Docket No. 21. Plaintiff also seeks reimbursement of costs in the amount of $400.00 under the EAJA, 28 U.S.C. § 2412(a), and 28 U.S.C. § 1920. *See* Docket No. 22. The Commissioner has no objection to the fee award or cost reimbursement.

Upon review of the record herein, the Court finds that said amounts are reasonable and that the Commissioner should be ordered to pay them to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(a)(1) ("Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in [28 U.S.C.] § 1920, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against . . . any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."; 28 U.S.C.

§ 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]").  *See also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 21] and Application for Reimbursement of Costs and/or Expenses Under the Equal Access to Justice Act and 28 U.S.C. § 1920 [Docket No. 22] are hereby granted and that the Government is hereby ordered to pay the above-referenced amounts to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 21st day of December, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**